IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ANTONIO FLORES VERA | § | |
| TDCJ-CID #1464193 | § | |
| v. | § | C.A. NO. C-12-044 |
| | § | |
| GREG ABBOTT, ET AL. | § | |

## MEMORANDUM AND RECOMMENDATION TO DISMISS ACTION

This is a civil rights action filed by a state prisoner incarcerated at the Carol Young Medical Facilities Unit in Dickenson, Texas. (D.E. 1). Plaintiff Antonio Flores Vera is a Texas state prisoner and a "three-strikes" litigant pursuant to 28 U.S.C. § 1915(g). As a consequence thereof, plaintiff has lost the privilege of proceeding *in forma pauperis*, unless he can establish that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

On February 8, 2012, plaintiff filed this civil rights action alleging that certain individuals involved in his underlying criminal proceeding, including the district attorney, state judge, and his own defense counsel, violated and conspired to violate his constitutional rights, leading to his unlawful incarceration. (D.E. 1). He also filed a motion to proceed *in forma pauperis*. (D.E. 2, 3). For the reasons stated herein, it is respectfully recommended that the Court deny plaintiff's motion to proceed *in forma pauperis* and dismiss this action as frivolous.

## I. PLAINTIFF'S LITIGATION HISTORY

Plaintiff has had several actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted. In 2000, in the Western District of Texas, he sued certain state officials for damages alleging that his twenty year sentence was illegally extended. Vera v. Martin, No. 1:00-cv-380 (W.D. Tex. 2000). Because his complaint was essentially incomprehensible, plaintiff was ordered to file a more definite statement. (Id. at D.E. 3).

Thereafter, the Attorney General filed an *amicus* suggestion of death as to the individual defendants.  On September 13, 2000, the magistrate judge recommended that plaintiff's claims against the individual state actors in their individual capacities be dismissed because they were deceased, and that plaintiff's claims against the defendants in their official capacities be dismissed as barred by the Eleventh Amendment.  In addition, he specifically recommended that plaintiff be "expressly and specifically" warned about his pursuing frivolous lawsuits, and the consequences thereof.  On September 21, 2001, United States District Judge James Nowlin adopted the recommendation and dismissed plaintiff's action as frivolous.  This dismissal is plaintiff's first strike pursuant to § 1915(g).

Plaintiff appealed the dismissal in the Western District of Texas as well as the denial of his Rule 60(b) motion for relief from judgment.  See Vera v. Martin, 253 F.3d 705, 2001 WL 298666 (5th Cir. Apr. 12, 2001) (per curiam) (unpublished).  The Fifth Circuit dismissed that appeal as frivolous:

> Rather than developing a coherent argument that addresses the propriety of the district court's denial of his Rule 60(b) motion, Vera's brief simply strings together a series of unsupported and nonsensical accusations.
>
> Vera's appeal is without merit and therefore frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Because the appeal is frivolous, it is DISMISSED.  See 5th Cir. R. 42.2.  We caution Vera that any additional frivolous appeals filed by him or on his behalf will invite the imposition of sanctions.  To avoid sanctions, Vera is cautioned to review any pending appeals to ensure they do not raise arguments that are frivolous.

Vera v. Martin, 253 F.3d 705, 2001 WL 498666 (5th Cir. Apr. 12, 2001) (per curiam) (unpublished).  This dismissal constituted plaintiff's second strike pursuant to § 1915(g).  See

Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996) ("both the frivolous appeal and a lower court's dismissal as frivolous count" as separate strikes for purposes of § 1915(g)).

On January 30, 2007, while held as a pretrial detainee at the Nueces County Jail, plaintiff filed a civil rights action in this Court.  See Vera v. Board of Judges of the Judicial Dist. of Nueces Cnty., C-07-051 (S.D. Tex.).  He sought to compel a state district judge to rule on matters in his state criminal proceeding, and to sue various state actors and private citizens for damages allegedly related to his criminal case.  Plaintiff was afforded an opportunity to explain his claims at a Spears[1] hearing; however, it was evident from both his written complaint and his Spears testimony that plaintiff's allegations did not constitute viable constitutional claims and that his claims against the named defendants were frivolous.  For example, plaintiff offered no allegations that, even if true, could have overcome the state actor defendants' entitlement to immunity, and his alleged claims against private citizens were not cognizable under § 1983.  Therefore, on March 2, 2007, a memorandum and recommendation was issued recommending that plaintiff's claims against defendants be dismissed with prejudice and that the dismissal count as a strike for purposes of 28 U.S.C. § 1915(g).  On March 14, 2007, the Court adopted these recommendations and entered final judgment, dismissing that action for failure to state a claim and as frivolous, and specifically indicated that the dismissal was a "strike" pursuant to § 1915(g).  Thus, dismissal of that action was plaintiff's third strike pursuant to § 1915(g).

Plaintiff again appealed the district court's dismissal.  Vera v. Board of Judges of Judicial District of Nueces County, 260 F. App'x 664 (5th Cir. 2007) (per curiam) (unpublished).  The Fifth Circuit found no merit to plaintiff's appeal: "Vera's brief fails to raise any issue of arguable

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

merit, and we dismiss his appeal as frivolous." Id. at 666.  More importantly for the issue at

hand, the Fifth Circuit determined that plaintiff was already barred from proceeding *in forma*

*pauperis*:

> The district court's dismissal of Vera's § 1983 suit as frivolous and
> for failure to state a claim pursuant to § 1915(e)(2)(B) and
> § 1915A(b)(1) and this court's dismissal of this appeal as frivolous
> both count as strikes for purposes of § 1915(g).  *See Adepegba*,
> 103 F.3d at 385-87.  Vera previously accumulated two strikes in
> another case.  *See Vera v. Martin*, 253 F.3d 705, 705 (5th Cir.
> 2001) (unpublished); *Vera v. Martin*, No. A-00-CA-380 (W.D.
> Tex. Sep. 21, 2000) (order).  As Vera has now accumulated at least
> three strikes, he is barred from proceeding in forma pauperis
> pursuant to 28 U.S.C. § 1915(g) while he is incarcerated or
> detained in any facility unless he is under imminent danger of
> serious physical injury.

 Id.  The dismissal of that appeal was plaintiff's fourth strike pursuant to § 1915(g).

        On February 14, 2008, plaintiff filed another civil rights action in this Court in which he

sued the State of Texas, two state district judges, Judge Nanette Hasette and Judge Sandra Watts,

as well as unidentified prosecutors and attorneys, claiming that these defendants had engaged in

a conspiracy to deny him his constitutional rights.  Vera v. Texas, No. C-08-50 (S.D. Tex.).

Plaintiff again sought leave to proceed *in forma pauperis* in that proceeding.  On February 26,

2008, a memorandum and recommendation was issued, recommending that his motion to

proceed *in forma pauperis* be denied based on his accumulated strikes and the fact that he had

failed to allege any facts to suggest that he was at a risk of harm or danger or threat of any kind.

Vera v. Texas, No. C-08-50, 2008 WL 1924228, at *1-2 (S.D. Tex. Mar. 10, 2008)

(unpublished).  This Court adopted the recommendation denying plaintiff's *in forma pauperis*

motion and ordered that the filing of that action, combined with plaintiff's request to proceed *in*

4

*forma pauperis*, be treated as a strike.  Id. at *1.  Consequently, that dismissal of that appeal was plaintiff's fifth strike pursuant to § 1915(g).

## II.  ANALYSIS

**A.      Plaintiff's Motion To Proceed *In Forma Pauperis* Should Be Denied.**

Prisoner civil rights actions are subject to the provisions of the Prison Litigation Reform Act, including the three strikes rule, 28 U.S.C. § 1915(g).  The three strikes rule provides that a prisoner who has had, while incarcerated, three or more actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted is prohibited from bringing any more actions or appeals *in forma pauperis*.  28 U.S.C. § 1915(g); Baños v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam); Adepegba, 103 F.3d at 388.  The three strikes rule provides an exception permitting prisoners who are under imminent danger of physical harm to proceed without prepayment of the filing fee.  28 U.S.C. § 1915(g); Baños, 144 F.3d at 884.

Plaintiff has accumulated at least three strikes as a result of previously filing frivolous lawsuits or appeals.  As such, he has lost the privilege of proceeding *in forma pauperis*, and the instant motion to proceed *in forma pauperis* must be denied unless he is in imminent danger of physical injury.  28 U.S.C. § 1915(g).

This Court must next assess whether plaintiff is exposed to imminent danger of serious injury at the time that he filed his motion.  Choyce v. Dominguez, 160 F.3d 1068, 1071 (5th Cir. 1998) (per curiam) (citing Baños, 144 F.3d at 884-85).  Courts have determined that in order to meet the imminent danger requirement of § 1915(g), the threat must be "real and proximate." Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (citation omitted).  The harm must be

imminent or occurring at the time the complaint is filed, and the plaintiff must refer to a "genuine emergency" where "time is pressing."  Heimermann v. Litscher, 337 F.3d 781, 782 (7th Cir. 2003) (per curiam) (citation omitted).  Congress intended a safety valve to prevent impending harms, not those injuries which allegedly had already occurred.  Abdul-Akbar v. McKelvie, 239 F.3d 307, 315 (3d Cir. 2001) (en banc).  "A court may find that a complaint does not satisfy the 'imminent danger' exception if the complaint's 'claims of imminent danger are conclusory or ridiculous.'"  Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (quoting Ciarpaglini, 352 F.3d at 331); accord Andrews v. Cervantes, 493 F.3d 1047, 1057 n.11 (9th Cir. 2007) (same).

In this action, plaintiff does not claim or even suggest that he is in imminent danger of serious physical harm.  Indeed, although his allegations are incomprehensible in many respects, to the extent his arguments can be followed, he is again complaining about events associated with his 2007 arrest and conviction for sexual assault of a child.  That criminal matter was prosecuted in a Nueces County state district court, and plaintiff complains that the former District Attorney, Carlos Valdez, a County investigator, Mike Lowrance, and prosecutors, Sandra Eastwood and Juan Gonzales, violated his constitutional rights by presenting statements of the victim and her family to the grand jury.  He complains that the presiding judge, Judge Nanette Hasette, the Texas Attorney General, Gregg Abbott, and the United States Solicitor General, Donald B. Verrilli, violated his rights by allowing the victim statements to be presented to the grand jury, and that his defense counsel Melissa Madrigal, was complicit in the violation of his rights.

In this action, plaintiff continues to complain of past events that pose no imminent threat to his physical safety at this point in time.  Moreover, these claims have been previously raised and disposed of as frivolous.  See Vera, 260 F. App'x at 665-66.  His allegations do not fall within the exception to the three strikes rule because he has not alleged any facts establishing that he is under imminent danger of serious physical injury.  Thus, it is respectfully recommended that plaintiff's motion for leave to proceed *in forma pauperis*, (D.E. 2), be denied.

**B.      Plaintiff's Claims Should Be Dismissed As Frivolous.**

   **1.      Defendant Judge Nanette Hasette is entitled to judicial immunity.**

The Supreme Court has established that "generally, a judge is immune from a suit for money damages."  Mireles v. Waco, 502 U.S. 9, 9 (1991) (per curiam) (citations omitted).  Judicial immunity serves to safeguard "'a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'"  Id. at 10 (quoting Bradley v. Fisher, 80 U.S. 335, 347 (1871)); see also Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'") (citation omitted).  Judicial immunity is overcome only when the acts were "not taken in the judge's judicial capacity," or when they were "taken in the complete absence of all jurisdiction." Mireles, 502 U.S. at 11-12 (citations omitted).

The Fifth Circuit has further explained that "[j]udicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial

7

functions." Boyd v. Biggers 31 F.3d 279, 284 (5th Cir. 1995) (per curiam); see also Bauer v. Texas, 341 F.3d 352, 357 (5th Cir. 2003) ("Judges enjoy absolute immunity from liability for judicial or adjudicatory acts.") (citing Forrester v. White, 484 U.S. 219 (1988)).  "A judge's acts are judicial in nature if they are 'normally performed by a judge' and the parties affected 'dealt with the judge in his judicial capacity.'" Boyd, 31 F.3d at 285 (quoting Mireles, 502 U.S. at 12). In determining whether an act was judicial in nature, courts should consider four factors:

> (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity.

Ballard v. Wall, 413 F.3d 510, 515 (5th Cir. 2005) (quoting Malina v. Gonzales, 994 F.2d 1121, 1124 (5th Cir. 1993)).

To the extent plaintiff's claims against defendant Judge Hasette have any content, they are focused on the manner in which she presided over his criminal prosecution.  Such conduct manifestly falls into the category protected from suit, and plaintiff's claims against her therefore fail to overcome judicial immunity.  Accordingly, it is respectfully recommended that plaintiff's claims against Judge Hasette be dismissed as frivolous because they are barred by judicial immunity.

**2.     Defendants Carlos Valdez, Sandra Eastwood, and Juan Gonzales are entitled to judicial immunity.**

Prosecutors are also entitled to absolute immunity in regards to actions taken within the scope of their professional duties.  See Van de Kamp v. Goldstein, 555 U.S. 335, 129 S. Ct. 855, 861 (2009); see also  Imbler v. Pachtman, 424 U.S. 409, 427 (1976) (prosecutors enjoy the same

absolute immunity in § 1983 actions that they enjoy at common law); <u>Kerr v. Lyford</u>, 171 F.3d 330, 337 (5th Cir. 1999) (immunity is appropriate where the action is one in which a prosecutor is generally authorized to engage).  Plaintiff's claims against defendants Valdez, Eastwood, and Gonzales all involve their roles in prosecuting him.  Prosecutorial immunity protects the District Attorney for her conduct in "initiating a prosecution and in presenting the State's case." <u>Cousin v. Small</u>, 325 F.3d 627, 631 (5th Cir. 2003) (per curiam) (quoting <u>Burns v. Reed</u>, 500 U.S. 478, 486 (1991)).  Consequently, these claims challenge the execution of their official duties and they do not surmount prosecutorial immunity.  As a result, it is respectfully recommended that all of plaintiff's claims against defendants Valdez, Eastwood, and Gonzales be dismissed as barred by prosecutorial immunity.

**3.      Defendant Melissa Madrigal is entitled to judicial immunity.**

Plaintiff seeks to bring a claim against Defendant Madrigal who was his defense attorney in the prosecution at issue in this action.  The Supreme Court has explained that defense counsel "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." <u>Polk Cnty v. Dodson</u>, 454 U.S. 312, 325 (1981); <u>see also</u> <u>Mills v. Criminal Dist. Court No. 3</u>, 837 F.2d 677, 679 (5th Cir. 1988) ("private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983").  Accordingly, it is respectfully recommended that plaintiff's claim against defendant Madrigal be dismissed as frivolous because it is barred by judicial immunity.

    4.    **Plaintiff fails to state a claim against the Attorney General Greg Abbott and the Solicitor General of the United States.**

It is well established that "[p]ersonal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983) (citing Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976)). A state actor may be liable under § 1983 only if she "was personally involved in the acts causing the deprivation of [plaintiff's] constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." Douthit v. Jones, 641 F.2d 345, 346 (5th Cir. 1981) (per curiam) (citation omitted).

Plaintiff does not allege any personal involvement in his prosecution by Texas Attorney General Abbott. It would be the rare case in which the Attorney General is involved in a routine criminal prosecution. It is even less remote that the Solicitor General of the United States would be personally involved in a state prosecution as he is the person who represents the United States in the Supreme Court. Again, plaintiff does not allege any such personal involvement. Accordingly, it is respectfully recommended that plaintiff's claim against Attorney General Greg Abbott and the United States Solicitor General be dismissed for failure to state a claim.

### III. RECOMMENDATION

Because of his abusive litigation history, plaintiff has lost the privilege of proceeding *in forma pauperis*, and in this action, he has failed to allege that he is in imminent danger of serious physical harm, such that the imminent danger exception is not available. Accordingly, it is respectfully recommended that the Court deny plaintiff's motion, (D.E. 2), for leave to proceed *in forma pauperis*.

A three-strikes prisoner who fails to qualify under the § 1915(g) imminent danger exception may have a meritorious case, and in those instances, dismissals based on *in forma*

10

*pauperis* denial are without prejudice.  That is, the three-strikes plaintiff who is not under threat of imminent danger is free to file his lawsuit upon payment of the full filing fee.  However, in this case, where plaintiff's claims are clearly frivolous on the face of his complaint, it is respectfully recommended, in addition to denying plaintiff's *in forma pauperis* motion, that the Court: (1) dismiss this action with prejudice; (2) that the dismissal be characterized as a "strike;" and (3) that the Clerk be instructed to provide copies of the dismissal order to the parties, to the TDCJ–Office of the General Counsel, Post Office Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159, and to the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler Texas, 75702, Attention: Betty Parker.

Respectfully submitted this 14th day of May 2012.

BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

<u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).